**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| IN RE:<br>NOELLE SHELITA SMITH<br>      Debtor(s), | CASE No: 09-37425-DOT<br>Chapter 13 |
| US BANK NA AS LEGAL TITLE TRUSTEE<br>FOR TRUMAN 2012 SC2 TITLE TRUST<br>      Movant,<br>  v.<br><br>NOELLE SHELITA SMITH,<br>RONALD B. HARRIS, Co-Debtor<br>CARL M. BATES, Trustee,<br>      Respondents. | |

**CONSENT ORDER MODIFYING AUTOMATIC STAY**

This matter was before the court on July 9, 2013, on the motion of US Bank NA as Legal Title Trustee for Truman 2012 SC2 Title Trust, for relief from the automatic stay with respect to the real property located at 5523 Warwick Road, Richmond, VA 23224, and is more particularly described as follows:

> All that certain lot, piece or parcel of land, together with all improvements thereon and thereto belonging, lying and being in the City of Richmond, Virginia (formerly Chesterfield County, Virginia), fronting on the southerly line of Warwick Road and containing two acres, more or less, as shown on a plat dated December 15, 1954, made by W.W. LaPrade & Bros., Civil Engineers, attached to and made a part of deed recorded in Deed Book 461, page 219, and being more particularly bounded and described as follows:
>
> COMMENCING at a point on the southerly line of Warwick Road, which point of beginning is the point at which the southerly line of Warwick Road is intersected by the common dividing line between the land herein conveyed and the land of James Madison Chavis and Mattie Adams Chavis (shown on said plat as "Chavis"), and which point is marked by a rod; thence running and fronting along the southerly line of Warwick Road in an easterly direction (south 73 degrees 58` east) 78.75 feet to a point marked by a pipe; thence south 24 degrees 8` west 760.72 feet to a point; thence north 65 degrees 52` west 127.8 feet to a point; thence north 24 degrees 8` east 566.50 feet to a rod; thence south 65 degrees 52` east 50` to a rod; thence north 24 degrees 8` east 183.12 feet to the point of beginning.

LESS AND EXCEPT that portion of land conveyed to the Commonwealth of Virginia by deed from Prettie H. Libron and Wesley Libron dated November 20, 1995, recorded November 8, 1995, Clerk`s Office, Circuite Court City of Richmond, Virginia, as Deed No. 96-23508.

SUBJECT TO that certain right of way easement for ingress and egress reserved in Deed of Correction recorded in Deed Book 461, page 219.

BEING the same real estate conveyed to Ronald B. Smith and Noelle s. Smith by Deed of Gift from Ronald B. smith, dated August 23, 2006, recorded august 25, 2006, Clerk`s Office, Circuit Court, City of Richmond, Virginia, as Deed No. 06-29656.

Upon consideration of which it is

**ORDERED:**

1.  The debtor will resume making regular monthly installment payments in the amount of $1,204.15 as they become due commencing on July 1, 2013.

2.  The debtor will cure the post-petition arrearage currently due to the movant from February 1, 2013 through June 1, 2013 in the total amount of $6,840.54 which includes missed payments in the amount of $6,014.54, filing fees in the amount of $176.00, and attorney's fees in the amount of $650.00, less a suspense balance of $6.21, by making the following payments:

    a.  $2,408.30 on or before July 15, 2013.
    b.  $738.69 on or before August 15, 2013.
    c.  $738.71 on or before September 15, 2013.
    d   $738.71 on or before October 15, 2013.
    e.  $738.71 on or before November 15, 2013.
    f.  $738.71 on or before December 15, 2013
    g.  $738.71 on or before January 15, 2014.

3.  In the event that any payment required by this order is not received by the movant within 15 days after it is due, the movant may mail a notice of default to the debtor by first class mail, postage prepaid, (and, if it desires, also by certified or registered mail) with a copy to debtor's counsel and the trustee by first class mail, postage prepaid, or by email at the same time as the notice of default is mailed to the debtor. The notice of default will state in simple and plain language:

    a.  That the debtor is in default in making at least one required under this order;
    b.  The dates and amount of each payment missed and any late charge or other fee necessary to cure the default;
    c.  The action necessary to cure the default, including any address to which payments must be mailed;

    d.    That the debtor or trustee must take one of the following actions within fourteen days after the date of the mailing of the notice of default:
  i.   cure the default;
  ii.  file an objection with the court stating that no default exists; or
  iii. file an objection with the court stating any other reason why an order granting relief from the automatic stay should not be entered.

    e.    That if the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the movant may file a certificate that it has complied with the terms of this order and that the court may grant relief from the automatic stay without further notice to the debtor; and

    f.    That if the automatic stay is terminated, the collateral may be sold at foreclosure.

If the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the movant may submit a certificate stating that it has complied with the terms of the order and that neither the debtor nor the trustee has taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft order terminating the automatic stay.

If the debtor or trustee files an objection, the movant must set the matter for hearing and give notice of the hearing to the debtor, debtor's counsel and the the trustee. At the hearing, the court may terminate the stay or take other action appropriate to the circumstances.

4. The provisions of this order with respect to regular monthly installment payments expire one year after the date of the entry of this order. In the event of the default in payment of any regular monthly installment payment due more than one year after the date of the entry of this order, the movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing.

5. Until an order is entered terminating the automatic stay, the movant may not refuse to accept or apply payments tendered by the debtor, even if such payments are late or in an improper amount; however, acceptance of non-conforming payments is without prejudice and shall not constitute a waiver of any default.

6. The automatic stay is modified to permit the noteholder or servicing agent to send the debtor payment coupons, payment statements, or invoices, notices of late payment changes, notices of servicing transfers, or any other notices, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

7. Should the debtor default pursuant to the terms contained herein, unless otherwise ordered by this court, the movant shall be entitled to reasonable attorney's fees in the amount of $50 for issuance of a notice of default, and an additional $100 for issuance of a certificate of default and preparation of an order terminating the automatic stay.

8. Upon entry of the order granting relief from the automatic stay of 11 U.S.C. §362, the Trustee will immediately cease making any payments on the Movant`s secured claim which were required by the plan. Any amended unsecured claim for a deficiency must be filed by the Movant, with an accounting showing how the deficiency was calculated, within 120 days from the date on which the order lifting stay is entered, or such claim against the bankruptcy estate shall be forever barred.

9. Relief is granted as to Ronald B. Harris, the co-debtor, from the automatic stay imposed by §1301(a) to the same extent and on the same terms and conditions as granted to the debtor.

DONE at Richmond, Virginia, this _____ day of _____, 20___

_____
Judge, United States Bankruptcy Judge

I ASK FOR THIS:

By: __/s/ __Angela N. Watson_____
Angela N. Watson, Esq. VSB: #72029
Tawana Shephard, Esq. VSB: #35860
Morris|Hardwick|Schneider, PLLC
22375 Broderick Drive, Suite 210
Dulles, Virginia 20166
Ph: 703-330-3265 Fax 703-330-8315
Email: anwatson@closingsource.net
Attorney for Movant

SEEN AND __AGREED__:

__/s/  Mark C. Leffler__
Mark C.Leffler, Esq.
PO Box 11588
Richmond, VA 23230-1588
(804)358-9900
Attorney for Debtor

SEEN:

__/s/  Carl M. Bates__
Carl M. Bates, Trustee
PO Box 1819
Richmond, VA 23218
Chapter 13 Trustee

**CERTIFICATION**

The undersigned certifies, that the foregoing Consent Order Modifying Automatic Stay is identical to the form order required by Administrative Order 10-2 and that no modification, addition, or deletion has been made.

__/s/  Angela N. Watson__
Angela N. Watson
Attorney for Movant

**CERTIFICATION**

The undersigned certifies, pursuant to Rule 9022-1(e) that all necessary parties have endorsed the foregoing Order and that the Order is ready for entry.

__/s/  Angela N. Watson__
Angela N. Watson
Attorney for Movant

Will the clerk please send copies of this Order in electronic format to all parties who are listed on the ECF system and to:

Noelle Shelita Smith
6412 Oakland Chase Place
Richmond, VA 23231

Ronald B. Harris
5523 Warwick Road
Richmond, VA 23224
Co-Debtor